UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                          CRIMINAL NO. 3:19-CR-33-DPJ-LGI

RANDY LAMAR ANDERSON

ORDER

Defendant Randy Lamar Anderson wants to withdraw his guilty plea.  For the following

reasons, his motion [68] is denied.

I.      Background

On February 6, 2019, the federal grand jury returned an indictment charging Anderson

with one count of embezzlement and theft from an Indian tribal organization and two counts of

wire fraud.  Following his February 13, 2019 arraignment, Anderson was released on a $10,000

unsecured bond.  On November 6, 2019, the grand jury returned a superseding indictment

against Anderson.  In addition to the three counts contained in the initial indictment, the

superseding indictment charged Anderson with one count of burglary in Indian Country, one

count of abusive sexual contact, and two counts of witness tampering.  Anderson allegedly

committed these new crimes while on bond on the initial indictment.

On November 19, 2019, United States Magistrate Judge Linda R. Anderson held a

detention hearing, revoked Anderson's bond, and ordered him detained.  Anderson then notified

the Court of his intent to plead guilty, and on February 6, 2020, the Court convened for his plea

hearing.  After that hearing began, the Court ordered that Anderson undergo an evaluation to

determine his competency.  The report from that evaluation was received on June 16, 2020, and

on July 2, 2020, Anderson asked Judge Anderson to reconsider her detention order.

While that motion was still pending, on December 3, 2020, the Court held a competency and plea hearing.  Neither party contested competency, and the Court accepted Anderson's guilty plea as to one count of wire fraud.  On December 11, 2020, Judge Anderson held a hearing on Anderson's motion for reconsideration of the detention order and denied the motion.  Four days later, Anderson filed the instant motion to withdraw his guilty plea.  The Government responded in opposition; Anderson failed to file a reply, and the time to do so under the local rules has now expired.

II.     Analysis

Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a guilty plea if he or she can "show a fair and just reason for requesting the withdrawal."  Whether such a reason exists is decided under the following non-exclusive *Carr* factors:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).  "The *Carr* factors are considered for the totality of the circumstances, and the district court is not required to make a finding as to each individual factor."  *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

In this case, Anderson says that he entered his plea with the belief that the guideline range would be lower than the one the Government has since stated it believes will apply.  And he says that he is innocent of the crime to which he pleaded guilty.  These reasons are not sufficient under *Carr*.

A.      Claimed Innocence

Starting with the latter assertion, there are two problems with Anderson's recently professed innocence:  (1) he offers no proof of innocence and (2) his argument contradicts his sworn statements in open court.  To begin, "a defendant's assertion of actual innocence alone, without supporting evidence, is insufficient to warrant allowing withdrawal under *Carr*."  *United States v. Harrison*, 777 F.3d 227, 235 (5th Cir. 2015).  Here, Anderson's memorandum of law merely says:  "Mr. Anderson has asserted his innocence."  Def.'s Mem. [69] at 4.

Next, Anderson gave voluntary, informed, and under-oath admissions of guilt during his plea hearing.  Anderson agreed that he fully understood the charges against him.  Plea Tr. [75-1] at 14.  He then stated that he was knowingly and voluntarily agreeing to plead guilty because he was in fact guilty.  *Id.* at 26.  He also said he fully understood the essential elements of the offense.  *Id.* at 32–33.  And finally, he acknowledged that he understood the Government's proffered facts and agreed with them.  *Id.* at 35.  All this occurred before he entered his guilty plea.  *Id.*

"Such '[s]olemn declarations in open court carry a strong presumption of verity,' which is untouched by [Anderson's] unsworn statements" professing his innocence.  *United States v. Martinez*, 672 F. App'x 475, 476 (5th Cir. 2017) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also United States v. Ehrman*, 777 F. App'x 778, 779 (5th Cir. 2019) ("Ehrman's proffered evidence, at best, supports a theory of defense but does not demonstrate that he is actually innocent of the charged fraud or overcome his solemn declarations, made under oath, that he is factually guilty.").  His admissions also demonstrate that the plea was knowingly and voluntarily made.  These factors weigh heavily against Anderson.

B.      Prejudice

While the Government would obviously face the burden of proving a now somewhat older case at trial, it did not directly address prejudice.  That said, an absence of evidence of prejudice is not "sufficient to mandate permission to withdraw a plea when, as here, no credible reason is proffered."  *United States v. Rasmussen*, 642 F.2d 165, 168 n.6 (5th Cir. 1981).

C.      Delay

Anderson moved to withdraw his plea less than two weeks after he entered it.  He did not delay in filing his motion to withdraw.  *See United States v. McKnight*, 570 F.3d 641, 650 (5th Cir. 2009) (judging delay based on time that expired between initial plea and motion to withdraw).

D.      Substantial Inconvenience to the Court and Waste of Judicial Resources

There is no doubt that granting this motion would inconvenience the Court.  Preparing for and conducting a jury trial is obviously more time consuming and disruptive to the docket than a single sentencing hearing.

E.      Close Counsel

The Court is firmly convinced that Anderson received close counsel.  To begin, Anderson was represented by an experienced and highly skilled attorney who has an excellent reputation with the Court.  Moreover, during the plea hearing, Anderson confirmed that he was "satisfied with the amount of time [he] had to spend with [his] attorney[,] . . . with the amount of time that [his] attorney . . . spent on [his] case[,] . . . [and] with the counsel, representation, and advice given to [him] in this case by [his attorney.]"  Plea Tr. [75-1] at 14.

Anderson now suggests that his attorney provided ineffective assistance of counsel by advising him that the guideline range would likely be between 12 and 16 months.  According to

4

Anderson, "the government and defense counsel had a mutual estimate of the guideline

sentencing range" until the December 11 hearing before Judge Anderson, when "the government

. . . took the position that the guideline range would call for a sentence of 36 months or greater

. . . based on the other dismissed charges in the superseding indictment being held against the

Defendant as other relevant conduct."  Def.'s Mem. [69] at 2.  According to Anderson, "This

concept is counter to anything that the government had relayed to defense counsel during the

course of these proceedings, and thus was also contrary to anything defense counsel had advised

the Defendant."  *Id.* at 2–3.  Thus, it sounds as though both parties initially thought the guideline

range would be lower.

It is not necessarily a given that the range will start at 36 months.  Moreover, the range is

advisory.  Regardless, during the plea hearing, the Court thoroughly addressed the possibility

that the range and/or the ultimate sentence could be higher than expected.  Specifically,

Anderson confirmed that it was his intent to change his plea despite knowing that the guideline

and ultimate sentence might be very different than his attorney's estimates:

> THE COURT:  Have you discussed the sentencing guidelines with your attorney?
>
> THE DEFENDANT:  Possible --- just possible, you know, until sentencing.
>
> THE COURT:  Yeah.  Oh, I see what you're saying.  Yeah, yeah, yeah.  That's exactly right.  He's told you the possible guideline ranges that might apply.  Is that right?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Okay.  So, just in general, you have discussed how the guidelines work with your attorney?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Okay.  And this next question kind of relates to what you just said.  I would expect that Mr. Fortner probably gave you some estimates about

> what the guideline range could be.  But do you understand that the actual
> guideline range at sentencing could be very different from his estimate?
>
> THE DEFENDANT: Yes, it could be more; it could be less.
>
> THE COURT:  That's exactly right.
>
> Do you understand that the guidelines are advisory?  Which means that while I
> will consider the guidelines, I am not required to follow them.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT:  Okay.  So obviously that means that once we determine your
> guideline range, the sentence could be above that, or below that.  Do you
> understand?
>
> THE DEFENDANT:  Yes, Your Honor --- it is at your discretion.

Plea Tr. [75-1] at 28–29.  He also confirmed that he "underst[ood] that [the Court] could impose

a sentence that might be more severe than [he] anticipate[d]," *id.* at 25, and that he faced a

potential sentence of 20 years in prison, *id.* at 27.  Despite all that, he voluntarily changed his

plea.

The Fifth Circuit faced a similar issue in *United States v. Dennis*, where the defendant

moved to withdraw his guilty plea after reading the PSR and learning that his "attorney gave him

incorrect advice about his likely sentence."  631 F. App'x 267, 267 (5th Cir. 2016).  The Fifth

Circuit affirmed denial of the motion to withdraw the guilty plea:

> When denying Dennis's request to withdraw his guilty plea, the district court
> addressed each of the *Carr* factors and concluded that the totality of the
> circumstances weighed in favor of the Government.  The district court
> emphasized that Dennis had acknowledged his guilt during his arraignment and
> later merely asserted his innocence without providing a substantial showing. *See*
> *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009).  The district court
> also noted that Dennis had the close assistance of counsel when he pleaded guilty,
> was thoroughly questioned during his plea colloquy, and filed his withdraw
> request nearly three months after his guilty plea.

*Dennis*, 631 F. App'x at 268.  The facts here are similar to those in *Dennis*.  Applying the *Carr* factors, the Court finds Anderson has not shown "a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  His motion is denied.

III.    Conclusion

For the foregoing reasons, Anderson's Motion to Withdraw Guilty Plea [68] is denied. The sentencing hearing remains set for March 3, 2021.

**SO ORDERED AND ADJUDGED** this the 1st day of February, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE